IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22-cv-00023 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| TOM DART, et. al, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Matthew Peterson brings suit against Defendants Sheriff Tom Dart, Stanley Acovelli, Darryl Houston, James Morrison, Alice Palermo, Sandoval, Hugh Walsh, (collectively "Defendants") for violating his civil rights based on the conditions of confinement. Before the Court is Defendants' Motion to Dismiss for Want of Prosecution [95] pursuant to Federal Rules of Civil Procedure 37(b)(2)(v) and 41(b). For the reasons below, the Court grants the motion.

**Background**

On March 16, 2022, Peterson filed a *pro se* Complaint, asserting that his eighth Amendment rights were violated while in the custody of Cook County Department of Corrections due to the conditions of his confinement. Peterson's first Court-appointed Counsel Eugene J. Schiltz filed his appearance on behalf of Peterson on October 14, 2022.

On March 30, 2023, this Court ordered that "[b]y [April 6, 2023] the parties shall file a joint status report that includes a date by which Defendants are going to complete their production of documents; the parties' best estimation, based on the currently available information, of the fact witnesses that will need to be deposed in this case; and confirmed or proposed dates for those depositions." [79].

On April 6, 2023, the parties filed a status report in which Peterson's Counsel stated that "Plaintiff's counsel informs the Court that he has lost communication with his client and has not had any communication with him for approximately six weeks. During that period, plaintiff's counsel has made numerous efforts to reach his client through various means but has been unable to do so. Following the status conference with the Court last Thursday (March 30th), plaintiff's counsel e-mailed his client at the e-mail address that he used when communication was taking place to inform him that it would be necessary to bring the loss of communication to the Court's attention in this Status Report if it was not reestablished by today. Communication has not been reestablished. Accordingly, plaintiff's counsel is unable to perform the tasks referenced in the March 31 order and seeks the Court's guidance about how to proceed." [80].

At a joint status hearing on April 14, 2023, the Court ordered that "Counsel for plaintiff reported that he still has not made contact with his client for the past two months. Counsel also reported that documents were produced to defendants and defendants have produced discovery with more to come. Counsel stated that he did start interrogatories, but his client never signed off on them, so they have not been produced. Oral motion by attorney Eugene Schiltz to withdraw is entered and continued. An in-person status hearing is set for [May 15, 2023] at 10:45 AM." [83].

Peterson's Counsel withdrew his Motion to Withdraw and filed a status report on May 10, 2023, indicating that Peterson had reached out to him, but they had not spoken [84][85]. On June 2, 2023, this Court ordered that "Despite Plaintiff's counsel's best efforts, Plaintiff's lack of communication presents issues in moving this case forward. The Court therefore requires Plaintiff's in-person attendance at the [June 12, 2023] status hearing. Failure to appear may result in Court granting counsel's motion to withdraw and/or dismissal of the case for want of prosecution." [89].

As ordered, Peterson appeared with Counsel for an in-person status, where the Court noted that Peterson did not appear at his previously scheduled deposition and ordered that Peterson's

2

deposition was to be done by the tentative date of July 1, 2023. [90].  Peterson alleges that the deposition was never actually scheduled in the first place (at that point in time) because of a mix-up between counsel about who was taking the lead in scheduling.  Peterson further alleges that the mix-up was quickly resolved, and defendants then proposed July 26, July 27 or August 1 for the deposition.

On July l3, 2023, the Court ordered that "[a]t the parties' request in that Report, fact discovery shall be completed by [September 15, 2023].  Defendants proposed the following dates for Plaintiff's deposition: [September 26, 2023], [September 27, 2023] and [August 1, 2023].  Plaintiff's counsel is available on any of those dates, but he has not been able to communicate with Mr. Peterson about setting a date for his deposition despite numerous attempts.  Mr. Peterson shall be deposed before [August 10, 2023] absent a showing that it is impossible or extraordinarily inconvenient for Plaintiff to sit for a deposition before then." [93].

On August 1, 2023, both Peterson and Defense Counsel's appeared for Peterson's deposition, which was duly noticed for 1:00pm, and Peterson did not appear.  Peterson's Counsel stated he had not heard from Peterson, and at 1:15pm, Defense Counsel concluded the scheduled deposition.  Peterson submitted an affidavit demonstrating that his failure to appear on August 1 occurred because it was "impossible or extraordinarily inconvenient" for him to appear during that period of time.  Peterson failed to notify his attorneys that he would be unable to attend the deposition.

Due to Peterson's "failure to appear for his scheduled depositions resulting in undue expense, failure to prosecute his case, and needless prolonging of this litigation," Defendants request that his case be dismissed for want of prosecution and failure to comply with Orders of the Court. [95] at 14.

**Legal Standard**

Federal Rule of Civil Procedure 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." A district court is permitted to dismiss a suit where a plaintiff is failing to prosecute it. *See, e.g., Williams v. Chicago Board of Educ.,* 155 F.3d 853, 857 (7th Cir.1998) (per curiam). However, dismissal for failure to prosecute is "an extremely harsh sanction" that should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Kruger v. Apfel,* 214 F.3d 784, 787 (7th Cir.2000) (per curiam). Further, in most cases, the district court should warn the plaintiff that such a sanction may be imposed. *See Williams,* 155 F.3d at 857 and n. 4; *see also Ball v. City of Chicago,* 2 F.3d 752, 759–60 (7th Cir.1993) (indicating that "[t]here should be an explicit warning in every case").

**Discussion**

In determining whether to dismiss a case for want of prosecution pursuant to Rule 41, a court should consider the following factors: (1) the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit; (2) the apportionment of responsibility for those failures between the plaintiff and his counsel; (3) the effect of those failures on the judge's calendar and time; (4) the prejudice if any to the defendant caused by the plaintiff's dilatory conduct; (5) the probable merits of the suit; (6) and the consequences of dismissal for the social objectives of the type of litigation that the suit represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003); *Ball,* 2 F.3d at 759–60.

Here, the frequency and magnitude of the Peterson's failure to comply with deadlines for the prosecution of the suit suggest dismissal is proper. Peterson's own counsel had no contact with him for months, as reflected on the docket. At least six weeks prior to the April 6, 2023, status report [80], Peterson's counsel had lost all communication with the Peterson. Following that status report,

4

the parties met for a status hearing where Peterson's counsel again reported that "he still has not made contact with his client for the past two months [83]. This Court warned Peterson on May 10, 2023 that his failure to prosecute this case could result in dismissal of the action [89]. Even with this warning and giving the Peterson the benefit of the doubt for the scheduling mix up for the first deposition, he still failed to notify his counsel that he could not appear for his August 1 deposition. The Court is not confident that the communication issues between Peterson and his counsel have been resolved or will not recur as the case progresses.

Other factors also suggest dismissal is proper. Peterson's failure to prosecute his case has affected the Court's calendar and time, holding up this Court and the Magistrate Judge's docket and consuming court resources. Defendant's have also been prejudiced by Petersons lack of prosecution, incurring the unnecessary costs of court reporter(s) retained to appear at Peterson's deposition, as well as time spent scheduling and preparing for two depositions. Ultimately, the fact of this case and circumstances behind Peterson's failure to prosecute suggest that dismissal is proper. The Court further notes that the record reflects diligent efforts by Plaintiff's Counsel to prosecute Plaintiff's case.

**Conclusion**

Peterson has failed to prosecute his case against Defendants. Accordingly, Defendant's motion to dismiss for want of prosecution [95] is granted.

**IT IS SO ORDERED.**

Date: 3/12/2024          Entered: _____
                                   SHARON JOHNSON COLEMAN
                                   United States District Judge